Mark J. Curley
Attorney at Law
Curley Immigration Law PC LLO
11128 John Galt Blvd., Suite 104
Omaha, Nebraska 68137
*Attorney for Plaintiff*
(402) 733-8989

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **EFREN RANGEL VARGAS,** | **CIVIL ACTION NO. - _____** |
| **PLAINTIFF,** | |
| **vs.** | **COMPLAINT** |
| **THE UNITED STATES,** | |
| **DEFENDANT.** | |

**COMES NOW** Plaintiff, Efren Rangel Vargas, by and through his attorney, Mark J. Curley, before this court and complain of the United States as follows:

1. Plaintiff brings this complaint against the United States of America pursuant to the Federal Tort Claims Act 28 U.S.C. §1346(b).

2. Plaintiff has exhausted his claims by filing the required forms with the Defendant and never receiving any response.

### I.    JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

3. Plaintiff lives at 6734 Aspen Street in La Vista, Nebraska, 68128, and is thus a resident of the Second Judicial District of Nebraska.

4. The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.), 28 U.S.C. §1346(b)(1) and 28 U.S.C. §2680 for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their office and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Texas.

5. Venue is proper in that Plaintiff resides in the Second Judicial District in the State of

Nebraska.

6.  Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

7.  This suit has been timely filed, in that the Plaintiff timely served notice of his claim on the United States Department of Homeland Security (hereinafter, "DHS), Customs and Border Protection (hereinafter "CBP"), and Immigrations and Customs Enforcement (hereinafter "ICE") in March 2015. DHS assumed responsibility for processing the claim on behalf of all three agencies, but in spite of continued correspondence to DHS over the following fifty (50) months requesting a decision on Plaintiff's claims, no decision was ever rendered by the government.

## II. FACTS

8.  Efren Rangel Vargas, (hereinafter "Plaintiff") was born on June 18, 1950, in Mexico.

9.  On March 23, 1975, Plaintiff was granted lawful permanent resident status in the United States.

10. Every year or every other year since he became a permanent resident, Plaintiff has traveled back to Mexico to visit his family.

11. Plaintiff never had any trouble when legally crossing back and forth between Mexico and the United States until his experience with CBP in May 2013.

12. On May 13, 2013, upon returning to the United States from a trip to Mexico to visit his family, Plaintiff was stopped and questioned by a CBP officer at a U.S. Port of Entry along the U.S.-Mexico border at or near Laredo, Texas.

13. The officer questioned Plaintiff about a prior minor offense he had against him in the State of Colorado, a matter which Plaintiff explained to the officer had been closed for fourteen (14) years after his conviction and subsequent payment of a fine imposed by the court.

14. Even with knowledge of the Plaintiff's previous minor criminal offense and its non-disqualifying nature, Defendant did not allow Plaintiff to legally enter the United States as he had done numerous times before under the same parameters. Instead, Plaintiff was held and detained for over a month.

15. Plaintiff was initially held for three (3) days at the CBP office in Laredo, Texas on the border of the United States and Mexico.

    a.  During his three (3) days in the CBP office, Plaintiff was handcuffed to a metal

chair and denied access to his medication, which he takes for diabetes.

    b.  Plaintiff informed the agents that he suffered from diabetes upon his detention, and requested that they provide him with his prescribed mediation located in his truck, which was parked outside of the CBP office until it was impounded. Defendants refused this request for three (3) days, providing him with his medication on his fourth day in custody only after he was transferred to another facility and the doctor that examined him deemed it necessary for his health.

    c.  Plaintiff was also denied any food during his first three (3) days at the CBP office and was only given water to drink.

16. On the fourth day of Plaintiff's confinement, he was transferred to a detention center in Laredo, Texas and held without charges or bond for another thirty-one (31) days.

17. It was only after his relocation to the detention center in Laredo that a doctor examined Plaintiff and he was finally allowed access to his diabetic medication.

18. Despite numerous inquiries, no reason was ever given to the Plaintiff's family for his detention.

19. As a result of his confinement in the detention center in Laredo, Plaintiff's truck was impounded by CBP.

20. While he was detained, Plaintiff also sought the services of an attorney and hired Trevino & Gayed LLP to assist him with his detention.

21. Plaintiff's brother, Edilberto Rangel, flew down to Texas at a substantial cost to himself and the Plaintiff to retrieve Plaintiff's truck, and Plaintiff had to pay to get the truck out of the impoundment lot.

22. After thirty-four (34) days of confinement without any charges or explanation, Plaintiff was released from detention.

23. The minor criminal offense from Plaintiff's past should not have prevented him from re-entering the United States as he had done many times before.

    d.  The ICE case summary at the time Plaintiff was detained clearly indicates that it declared Plaintiff inadmissible due to a conviction or commission of a crime involving moral turpitude.

    e.  The record of persons and property transferred when the Plaintiff was moved clearly states that Plaintiff has no convictions of this nature.

3

     f.   None of Plaintiff's prior minor criminal history can be considered a crime of moral turpitude.

     g.   Plaintiff had never been detained by CBP due to his prior minor criminal history on the numerous other occasions when he traveled back and forth to Mexico, both before and after this incident.

24. On March 31, 2015, Plaintiff filed Standard Form 95, Claim for Damage, Injury, or Death, along with supplementation, alleging the facts laid out above and seeking relief.

25. On July 10, 2018, Plaintiff sent DHS, CBP and ICE another correspondence to update the address of Plaintiff's attorney and in an attempt to get a response to his claim for damages.

26. As of October 2019, Plaintiff has not received any response to his filing or subsequent correspondence pertaining to it from DHS, CBP or ICE.

## III.    FIRST CAUSE OF ACTION
### Violation of 28 U.S.C. §2680

27. Plaintiff incorporates paragraphs one through twenty-six (1-26) as if fully set forth.

28. The acts and events set forth above constitute false imprisonment under the laws of the State of Texas. Because these acts and events were undertaken and caused by investigative and law enforcement agents of the United States, the United States Government is liable for all damages caused by such acts, as provided by 28 U.S.C. §2680(h).

## IV.    SECOND CAUSE OF ACTION
### Negligence

29. Plaintiff incorporates paragraphs one through twenty-six (1-26) as if fully set forth.

30. Defendant, by and through its agents DHS, CBP and ICE owed a duty of care to the Plaintiff requiring the Defendant to conform to a reasonable standard of conduct.

31. The acts and omissions alleged herein constitute breaches of that duty of care that was owed to Plaintiff by federal employees while acting within the scope of their office or employment.

32. Defendant's breach was the direct and proximate cause of the injury and the legally cognizable damages suffered by Plaintiff.

33. Plaintiff was an intended recipient of protection by Defendant's conformity to a reasonable standard of conduct.

34. The actions or omissions by federal employees described herein constitute the tort of

negligence under the laws and case law of the State of Texas.

35. Under the Federal Torts Claims Act, Defendant and its agents are liable for damages caused by these actions or omissions.

## V.    PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff is entitled to damages from the United States, and he hereby prays that judgment be entered in his favor and against the United States government as follows:

A. Damages resulting from the Plaintiff's deprivation of liberty in the amount of $340,000.00 (34 days x $10,000.00 a day); plus

B. Damages resulting from the Plaintiff's mental anguish and emotional distress in the amount of $34,000.00; plus

C. Damages from the Plaintiff's loss of productive time, in the amount of $34,000.00; plus

D. Costs associated with Plaintiff retrieving his vehicle from impoundment, in the amount of $649.65; plus

E. Costs associated with Plaintiff's brother flying to Texas to retrieve Plaintiff's vehicle from impoundment, in the amount of $354.40; plus

F. Costs associated with Plaintiff's brother's lodging in Texas while traveling to retrieve Plaintiff's vehicle from impoundment in the amount of $129.96; plus

G. Attorney's fees associated with work done by Plaintiff's prior attorneys in this matter, Trevino & Gayed LLP, in the amount of $2,500.00; all in the total amount of $411,634.01.

Plaintiff is further entitled to and does hereby seek recovery of all costs and attorney's fees incurred by Plaintiff in this civil action, together with such further and additional relief at law or in equity that this Court may deem appropriate or proper.

DATED: ~~October~~ November 15_____, 2019

EFREN RANGEL VARGAS,
Plaintiff,

Mark J. Curley (NE # 20049)
*Attorney for Plaintiff*
Curley Immigration Law PC LLO
11128 John Galt Blvd., Suite 104
Omaha, Nebraska 68137
(402) 733-8989

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Efren Rangel Vargas

## DEFENDANTS
The United States

**(b)** County of Residence of First Listed Plaintiff   Sarpy County NE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark J. Curley, Joseph S. Lord - Curley Immigration Law PC LLO - 11128
John Galt Blvd., Suite 104, Omaha, NE 68137 - (402) 733-8989

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care / Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §2671; 28 U.S.C. §1346(b)(1); 28 U.S.C. §2680
Brief description of cause:
FTCA claim against U.S. government for negligent and wrongful acts by its employees within their scope of employ

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
$411,634.01

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  11/15/2019

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 08/18)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

District of Nebraska

| | |
|---|---|
| Efren Rangel Vargas<br><br>_____<br>*Plaintiff(s)*<br>v.<br>The United States<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)     Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Joseph P. Kelly
United States Attorney for the District of Nebraska
United States Attorney's Office
1620 Dodge Street, Suite 1400
Omaha, NE 68102

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        Mark J. Curley, Attorney at Law
        11128 John Galt Blvd., Suite 104
        Omaha, NE 68137

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

          _____
                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

District of Nebraska

| | |
|---|---|
| Efren Rangel Vargas | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| The United States | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    William Barr
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW Washington, DC 20530-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Mark J. Curley, Attorney at Law
11128 John Galt Blvd., Suite 104
Omaha, NE 68137

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____            _____
                                         *Server's signature*

                                 _____
                                         *Printed name and title*

                                 _____
                                         *Server's address*

Additional information regarding attempted service, etc: